ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 30 AM 8:57

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PERNARD DAVID PRYOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-113 |
| | ) | (Formerly CR 102-010) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Pernard David Pryor ("Petitioner"), an inmate currently confined at the Federal Correctional Institution in Manchester, Kentucky, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

On November 12, 2002, pursuant to Petitioner's guilty plea, this Court convicted Petitioner of conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine and sentenced him to 151 months of imprisonment, followed by 5 years of supervised release. United States v. Pryor, CR 102-010, doc. no. 87 (S.D. Ga. Nov. 12, 2002). Petitioner filed no direct appeal nor made any other attempt to challenge his

conviction and sentence until July 19, 2005, when he filed the instant § 2255 motion.[1]
Petitioner argues that his sentence is illegal under the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), as applied by United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). (Doc. no. 1, pp. 1-3). In addition, Petitioner argues that he was denied his constitutional right to effective assistance of counsel when defense counsel failed to file a direct appeal despite Petitioner's instructions to do so. (Doc. no. 1, p. 3-6). For the following reasons, the Court determines that the instant § 2255 motion is time-barred and subject to dismissal on that basis.

## II. DISCUSSION

Ordinarily, when counsel fails to file a direct appeal as requested by the defendant, the defendant has been prejudiced and the proper remedy is to reinstate his lost right to appeal. See Gray v. United States, 834 F.2d 967, 967 (11th Cir. 1987) (*per curiam*)(quoting Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). This principle applies even if the conviction is based on a guilty plea, although it should be noted that counsel is not ineffective for failing to file the requested appeal where the plea agreement contains an express appeal waiver. See Martin v. United States, 81 F.3d 1083, 1083-84 (11th Cir. 1996)(*per curiam*); Montemoino v. United States, 68 F.3d 416, 417-18 (11th Cir. 1995)(*per*

---

[1] The Court is aware that under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. In the Eleventh Circuit, the district court is to construe the date of Petitioner's signature as the date of delivery to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*). Unfortunately, the exact date upon which Petitioner executed the instant § 2255 motion is unknown because Petitioner submitted the motion undated. Nevertheless, as Petitioner's motion was filed more than a year too late (as discussed *infra*), the lack of complete certainty regarding the date of execution is of no moment in this case.

*curiam*); see also United States v. Araujo, No. 8:05-CV-1432-T23EAJ, 2005 WL 1862718, at *1-2 (M.D. Fla. Aug. 3, 2005).

Typically, the criminal defendant files a § 2255 motion arguing that his counsel was constitutionally ineffective for failing to file an appeal. The district court then grants the motion, vacates the judgment of conviction, and reinstates the sentence, thus providing the criminal defendant with a new 10-day period in which to perfect his appeal. See United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). That having been noted, even assuming that Petitioner has not waived his right to appeal, in this case Petitioner is entitled to no relief because the instant § 2255 is untimely.

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions.[2] According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

---

[2]The AEDPA statute of limitations is applicable to § 2255 motions such as the instant one, wherein the movant argues that he has been denied his right to a direct appeal by the ineffective assistance of counsel. See Mederos v. United States, 218 F.3d 1252, 1252-53 (11th Cir. 2000); Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000))(citing with approval United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999)(applying AEDPA to Craycraft's ineffective assistance of counsel claim based on failure to file an appeal)).

> made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final on or about November 22, 2002, ten days after judgment was entered. See Fed. R. App. P. 4(b)(1). Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed more than two years later, is clearly untimely.

Of course, Petitioner may argue that he should be afforded a later start date, as he alleges that he did not learn of counsel's failure to file an appeal until "February 2003." (Doc. no. 1, p. 3). Unfortunately, this argument does not help Petitioner. Even assuming *arguendo* that Petitioner's AEDPA clock did not start running until February 28, 2003, the instant motion was still filed more than a year too late.

Next, Petitioner may argue that his AEDPA start date should be delayed because he relies upon a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. This argument is also of no avail. Apprendi, Blakely, and Booker, the cases relied upon by Petitioner as bases for his substantive claims, do not apply retroactively to habeas petitions or § 2255 motions. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(*per curiam*)(Blakely and Booker do not apply retroactively to § 2255 petition.); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005)(same); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely does not apply retroactively to cases on collateral review.); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001)(Apprendi does not apply retroactively to cases on collateral review.).

Moreover, as the Supreme Court announced the new constitutional rule of criminal procedure in <u>Apprendi</u> on June 26, 2000, and Petitioner was not convicted until 2002, his <u>Apprendi</u>-based challenges have been available to him since the moment he was convicted.

Finally, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. In sum, Petitioner utterly fails to demonstrate that the period of limitations should be tolled. The instant motion is time-barred.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 30th day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Amy Lee Copeland, Esq.
Pernard David Pryor, Pro-se @ prison

CASE NO: CV105-113
DATE SERVED: August 30, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate